Filed 9/16/16  In re Daniel P. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re DANIEL P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D069504 |
| Plaintiff and Respondent, | (Super. Ct. No. J262868) |
| v. | |
| DANIEL P., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino, Pamela P. King, Judge.  Affirmed as modified with directions.

David Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

In this juvenile case, Daniel P. (the Minor) admitted committing a lewd act upon a child under the age of 14 years old. (Pen. Code, § 288, subd. (a); Welf. & Inst. Code, § 602.) The Minor was 12 years old at the time he committed the acts involving his sister who was then six years old. The court placed the Minor on probation in out-of-home foster care. The court imposed a number of conditions of probation.

The Minor appeals challenging one condition of probation which restricts him in associating with all persons under the age of 18. He contends the condition is overbroad and, as worded, violates his constitutional right to free association. We agree and will direct the juvenile court to modify the condition.

## STATEMENT OF FACTS

The Minor's adopted mother discovered the Minor in the bathroom with his six-year-old sister. The Minor was naked with an erect penis, while the sister was pulling up her pants. The sister described how the Minor placed his penis in her "bottom." The Minor admitted three or four occasions in which he placed his penis against her vagina and anus and that on one occasion he briefly penetrated her anus.

## DISCUSSION

One of the conditions requested by the probation officer and imposed by the court was: "25. Not associate with (persons/females/males) he/she knows or reasonably should know are under the age of 18, unless in the presence of a responsible adult who is aware of the nature of his/her background and current offense, and who has been approved by the probation officer."

2

The Minor objected to the condition as overbroad and requested modification. The court declined. The Minor argues again on appeal that the condition is overbroad and unnecessarily interferes with the constitutional right of association.

## A.  Legal Principles

The juvenile court has wide discretion to craft reasonable conditions of probation that will help in the rehabilitation of juveniles and prevent them from reoffending. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).)  The juvenile court has discretion to utilize, where appropriate, conditions of probation which might not be reasonable for an adult. (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81-82.)

The court in *Sheena K.* also made clear that probation conditions for juveniles must be reasonable, understandable and must not unduly interfere with otherwise lawful activities. (*Sheena K., supra,* 40 Cal.4th at p. 890.)

We review the juvenile court's imposition of probation conditions under the abuse of discretion standard. We will not set aside such conditions unless the record demonstrates an abuse of discretion. (*In re Christopher M*. (2005) 127 Cal.App.4th 684, 692.)

## B.  Analysis

The condition as written forbids all association with persons under the age of 18 without adult supervision by a person aware of the Minor's circumstances. The court's objective is clear. The Minor molested a six-year-old girl in a closed room on several occasions. Thus, it seems reasonable to limit his contacts with persons who may be vulnerable. However, the condition seems overbroad. For instance, the condition would

apply if the Minor attends school. He could not be in a room with other students without an informed adult present, whether the students are male or female or whether they are years older than the Minor. Literally applied, the Minor could not travel down the hallway of the school to another classroom without the immediate presence of an informed adult.

There is nothing in the nature of the offense that would warrant exclusion from associating with any persons under age 18. On the other hand, there may be circumstances, which the probation officer could identify for the court, that would pose risks that therefore could be restricted. There certainly could be restrictions on the place and manner of "association" with persons who may be vulnerable. It is unclear, however, that a blanket ban against all "association" with this enormous class of persons in the absence of an informed adult is sufficiently tailored to meet the rehabilitative purpose without undue restriction of liberty.

We are confident the juvenile court and the probation officer can narrow the scope of this condition to meet the balance required by *Sheena K., supra*, 40 Cal.4th at page 890. Accordingly, we will remand the case to the juvenile court to appropriately modify the condition.

## DISPOSITION

The juvenile court is directed to vacate the current version of condition 25 and to modify the condition in accordance with the views expressed in this opinion.  In all other respects the true finding and the dispositional orders are affirmed.


                                                                HUFFMAN, Acting P. J.

WE CONCUR:


            HALLER, J.


            O'ROURKE, J.

5